IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATRICK ALEXANDER COLWELL,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER OF DISMISSAL<br><br>Case No. 2:22-cv-00495-CMR<br><br>Magistrate Judge Cecilia M. Romero |

## I.   BACKGROUND

On August 1, 2022, *pro se* Plaintiff Patrick Alexander Colwell (Plaintiff) filed his Complaint against Defendant State of Utah (Utah or Defendant) (ECF 1). On August 3, 2022, the court granted Plaintiff's request to leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (the IFP Statute) (ECF 4). On February 15, 2023, the court issued an Order granting Plaintiff leave to file an amended pleading addressing the failure to adequately plead a plausible claim (Order) (ECF 9). The court warned Plaintiff that failure to comply with the directives in the Order may result in dismissal of this action (*Id.*). On March 3, 2023, Plaintiff filed an Amended Complaint (ECF 10). Upon review, Plaintiff's Amended Complaint (ECF 10) fails to remedy the deficiencies of his original pleading. Because Plaintiff failed to remedy the deficiencies, the court recommends dismissal of the action.

## II.   DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua*

1

*sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, nearly all factors weigh in favor of dismissal. Although Plaintiff filed an Amended Complaint, Plaintiff failed to meaningfully respond to the directives in the Order to amend his pleading despite a clear warning from the court that this case could be dismissed for failure to comply. In its Order, the court noted that the Complaint was deficient because Plaintiff failed to allege facts showing that Utah had waived sovereign immunity, failed to name any proper defendants, and made only conclusory allegations (ECF 9 at 3). In the Amended Complaint, Plaintiff once again names Utah as a defendant without addressing sovereign immunity, does not name any additional defendants, and makes conclusory and mostly unintelligible or illegible allegations (ECF 10). Plaintiff's failure to move this matter along by following the court's directives in amending his pleading interferes with the judicial process. While there is lesser culpability in failing to properly prosecute this matter due to his pro se status, there appears to be no effective lesser sanction, and there would be little to no actual prejudice to Defendant

having not yet been served. In consideration of these factors, the court finds that the circumstances in this case warrant dismissal.

### III.     CONCLUSION AND ORDER

Based on Plaintiff's failure to prosecute this case, the court hereby **DISMISSES** this case without prejudice.

DATED this 15 November 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah